By the Court,

Cowen, J.
The subject matter of the suit was promises alleged to have been broken. It required no proceeding to give the justice jurisdiction of that. But if there had been a want of jurisdiction in this respect, as if -the subject matter had been slander or assault and battery, the course was, not to render any judgment at all. The court should have simply refused to proceed with the cause, and dismissed it from their consideration. If the justice had no jurisdiction in this respect, the common pleas had none.
*659 But the question was not one of jurisdiction over the subject matter. The common pleas acted on an objection that there was no jurisdiction of the defendant’s person.
In general, such a question can be determined by certiorari only. The office of an appeal is to try the merits, and assumes that the parties were properly in court. Nor is there any express provision in the statute for the return of an objection made in the court below on account of the form in which the defendant may have been brought into court. True, in Bennett v. Ingersoll, (24 Wend. 113,) we held that an objection might be considered as an issue which the justice might return within § 194, sub. 4, 2 R. S. 188, 2d ed. Whether we were right or not, it is unnecessary now to enquire; for non constat that any objection was here made before the justice. That must have been done, and the fact appear by the return; or clearly there is nothing which can be considered an issue. On the contrary, the defendant must be taken to have waived all objection, and consented to appear. Such waiver and consent are sufficient to give jurisdiction over the person, though there be no process.
The judgment must be reversed.
Judgment reversed.